IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KENTES WEST, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 16-CV-981-NJR |
| | ) |
| UNKNOWN PARTIES, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Kentes West originally filed suit on April 11, 2016, alleging various constitutional violations arising out of his time at Menard. (Case No. 16-414, Doc. 1). On August 29, 2016, District Judge Staci M. Yandle severed four claims into this action, finding that they were unrelated to claims in the original suit. (Doc. 1). The undersigned reviewed the severed claims (Counts One, Two, Six, and Fourteen) pursuant to § 1915A on October 28, 2016, and determined that all four counts failed to state a viable claim. (Doc. 7). Counts One, Two, and Fourteen were dismissed with prejudice, but West was granted leave to amend the claim in Count Six. He was warned that failure to file a First Amended Complaint would result in dismissal and the assessment of a strike. (Doc. 7).

On November 9, 2016, West moved this Court for voluntary dismissal of this action pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure (Doc. 7). Voluntary withdrawal of his claim is West's right, and, accordingly, this action is **DISMISSED without prejudice**. The Court will not assess a strike. West is

**INSTRUCTED** that, even though he has dismissed his claim, he must still pay the filing fee for this case. *See* 28 U.S.C. § 1915(b)(1), (e)(2); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998) (A prisoner incurs the obligation to pay the filing fee for a lawsuit when the suit is filed, and the obligation continues regardless of later developments in the suit, such as dismissal of the suit or denial of leave to proceed IFP.). West has represented to the Court that it was his intention to file one suit, and that he was dismayed by the severance of his claims into multiple suits with multiple filing fees. As explained above, however, the original severance order was signed by Judge Staci M. Yandle in Case No. 16-414-SMY. Should West wish to contest that order, he should file a motion with Judge Yandle in that case. Unless Judge Yandle or an appellate court finds that the case was improperly severed, the Court will not disturb that ruling in this case, and the Court shall consider this case properly filed and a fee rightly assessed.

West also makes many arguments in his motion that could be construed as arguments in favor of reconsidering the Court's prior order, but as West is emphatic that he is not requesting that relief, the Court does not take up those arguments at this time.

    **IT IS SO ORDERED.**

    DATED:   November 14, 2016

                                                      **NANCY J. ROSENSTENGEL**
                                                      **United States District Judge**